OPINION
{¶ 1} This is an appeal from a jury decision in favor of Appellee arising out of a tragic accident in which Appellant's minor son, Andy Passwaters, was killed.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts presented are that he and a friend, Cory Davis, were riding their bicycles in the northbound lane of Oakhill Avenue, Washington Township, Stark County, Ohio.
 {¶ 3} Appellee was also proceeding in the same direction and attempted to pass a vehicle being operated by one Erica McIlvain. After entering the southbound lane to pass her car, a no passing zone was reached as the vehicles were approaching a hill. At this point, Appellee saw the two boys on their bicycles in front of the car he was attempting to pass.
 {¶ 4} Testimony was disputed as to there being sufficient room to return to the northbound lane after Appellee passed McIlvain's automobile, but, in any event, as Appellee came upon the two boys on their bicycles, he blew his horn, being still in the southbound lane.
 {¶ 5} There was testimony by Ms. McIlvain that Cory Davis moved to the right but that Andy Passwaters turned left into the path of Appellee's vehicle resulting in the collision which caused his death.
 {¶ 6} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 7} "I. THE JURY'S VERDICT THAT THE APPELLEE WAS NOT NEGLIGENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE UNCONTROVERTED EVIDENCE SHOWS THAT THE APPELLEE VIOLATED SEVERAL PROVISIONS OF OHIO TRAFFIC SAFETY LAW."
 I. {¶ 8} In reviewing the record under the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of their witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 9} However, because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230.
 {¶ 10} Also it must be remembered that the jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses.
 {¶ 11} The sole Assignment of Error references R.C. §4511.27, 4511.29 and 4511.31 and the jury's response to Interrogatory A.
 {¶ 12} Such Code sections provides as follows:
 {¶ 13} Revised Code 4511.27 states:
 {¶ 14} "(A) The following rules govern the overtaking and passing of vehicles or trackless trolleys proceeding in the same direction:
 {¶ 15} "(1) The operator of a vehicle or trackless trolley overtaking another vehicle or trackless trolley proceeding in the same direction shall, except as provided in division (A)(3) of this section, signal to the vehicle or trackless trolley to be overtaken, shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle or trackless trolley.
 {¶ 16} "(2) Except when overtaking and passing on the right is permitted, the operator of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle at the latter's audible signal, and the operator shall not increase the speed of the operator's vehicle until completely passed by the overtaking vehicle.
 {¶ 17} "(3) The operator of a vehicle or trackless trolley overtaking and passing another vehicle or trackless trolley proceeding in the same direction on a divided highway as defined in section 4511.35 of the Revised Code, a limited access highway as defined in section 5511.02 of the Revised Code, or a highway with four or more traffic lanes, is not required to signal audibly to the vehicle or trackless trolley being overtaken and passed.
 {¶ 18} "(B) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates this section is guilty of a misdemeanor of the third degree."
 {¶ 19} Revised Code 4511.29 states:
 {¶ 20} "(A) No vehicle or trackless trolley shall be driven to the left of the center of the roadway in overtaking and passing traffic proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made, without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken. In every event the overtaking vehicle or trackless trolley must return to an authorized lane of travel as soon as practicable and in the event the passing movement involves the use of a lane authorized for traffic approaching from the opposite direction, before coming within two hundred feet of any approaching vehicle.
 {¶ 21} "(B) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates this section is guilty of a misdemeanor of the third degree."
 {¶ 22} Revised Code 4511.31 states:
 {¶ 23} "(A) The department of transportation may determine those portions of any state highway where overtaking and passing other traffic or driving to the left of the center or center line of the roadway would be especially hazardous and may, by appropriate signs or markings on the highway, indicate the beginning and end of such zones. When such signs or markings are in place and clearly visible, every operator of a vehicle or trackless trolley shall obey the directions of the signs or markings, notwithstanding the distances set out in section4511.30 of the Revised Code.
 {¶ 24} "(B) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates this section is guilty of a misdemeanor of the third degree."
 {¶ 25} Interrogatory "A" states:
 {¶ 26} "Was Defendant Jonathan D. Knaur negligent?
 {¶ 27} "Circle your answer in ink Yes (No)."
 {¶ 28} Essentially, as to the statutory duty of Appellee being obligated to return to the northbound lane as soon as practicable and with safety, there is no question.
 {¶ 29} The question is whether he had sufficient space to do so after passing the McIlvain vehicle. The testimony is disputed on this point. Appellee believed he could not return to the northbound lane. (Tr. Vol. 1, p. 194-195.)
 {¶ 30} Also, there was some doubt expressed by Ms. McIlvain as to the sufficiency of space. (Tr. Vol. 1, p. 121.)
 {¶ 31} Another, and possibly primary factual issue for the jury was referenced, as stated previously, by Ms. McIlvain at Tr. Vol. 1, pp. 113-114 as to the action taken by Andrew Passwaters.
 {¶ 32} "Q. And the bicyclist that was in the middle, where did he go?
 {¶ 33} "A. He took a sharp left."
 {¶ 34} In considering this description on the issue of negligence, the jury was required to determine the cause of the collision and from whose negligence.
 {¶ 35} The jury could easily have concluded that insufficient room to return to the northbound lane prevented Appellee's safe return and that Andrew Passwaters negligently turned into the path of Appellee's vehicle across the then existing double yellow lines.
 {¶ 36} We cannot conclude that the jury lost its way in considering the evidence as it was free to accept or reject any or all of the evidence presented as to any fact pattern.
 {¶ 37} The jury, under the possible scenario described herein, could properly determine the absence of negligence of Appellee.
 {¶ 38} This Assignment of Error is rejected.
 {¶ 39} This cause is affirmed at Appellant's costs.
Boggins, J. Farmer, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellants.